JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1455-AG(JPRx) | Date | September 10, 2012 |
|----------|------------------------|------|--------------------|
| Title | US BANK NATIONAL ASSOCIATION v. DALE S. PEARLMAN, et al | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|------------------------|--------------------|--|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

**Proceedings:**            **[IN CHAMBERS] ORDER REMANDING CASE**

For the reasons that follow, this case is REMANDED to the California Superior Court, County of Orange.

Plaintiff filed a Complaint for unlawful detainer against Defendants in state court, seeking to evict Defendants from foreclosed property ("Property") and requesting related damages.

Defendants now file a Notice of Removal ("Notice") to remove the unlawful detainer action to this Court. Defendants claim that this Court has federal question jurisdiction over this case under the "Protecting Tenants at Foreclosure Act of 2009" ("PTFA"), Pub. L. No. 111–22, § 702, 123 Stat. 1660 (2009). Defendants argue that the PFTA preempted state law unlawful detainer claims, such as the one filed by Plaintiff. Thus, Defendants argue that Plaintiff was required to bring this action as a federal claim under the PFTA. (Notice of Removal, 2:20-23.) Defendants are incorrect.

This Court lacks subject matter jurisdiction over this action for at least two reasons. First, federal questions conferring jurisdiction "must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal." *California ex rel. Lockyer v.*

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1455-AG(JPRx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | US BANK NATIONAL ASSOCIATION v. DALE S. PEARLMAN, et al | | |

*Dynegy, Inc.*, 375 F.3d 831, 839 (9th Cir 2004) (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)).  Because the federal statute here appears in the Notice of Removal, and not in Plaintiff's Complaint, Plaintiff's action does not "aris[e] under" the PFTA.  28 U.S.C. § 1331.

Second, courts have repeatedly held that the PFTA does not provide a cause of action, and does not confer federal subject matter jurisdiction.  *See, e.g., Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, at *4 (N.D. Cal. June 6, 2011) (finding that PFTA did not provide a federal cause of action or confer federal subject matter jurisdiction)*; Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov.22, 2010) (same); *SD Coastline LP v. Buck*, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *2-3 (S.D. Cal. Nov.19, 2010) (same); *U.S. v. Lopez*, No. 2:10-cv-02438 WBS KJN PS, 2010 WL 523301, at *3 (E.D. Cal. Dec. 16, 2010) (same)*; Zalemba v. HSBC Bank, USA, Nat. Ass'n.*, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *1 (S.D. Cal. Oct. 1, 2010) (same); *Nativi v. Deutsche Bank Nat. Trust Co.*, No. 09-06096 PVT, 2010 WL 2179885, at *2-5 (N.D. Cal. May 26, 2010) (same);  *Aurora Loan Servs., LLC v. Martinez,* No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (same).

In closing, the Court reminds Defendants that "[s]peedy adjudication is desirable [in unlawful detainer actions] to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972).  Improper removal of unlawful detainer cases raises the concerns stated in *Lindsey*.  Defendants are cautioned not to improperly seek federal jurisdiction, particularly for delay.  *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she [was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1455-AG(JPRx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | US BANK NATIONAL ASSOCIATION v. DALE S. PEARLMAN, et al | | |

**<u>DISPOSITION</u>**

Defendants fail to establish that federal jurisdiction exists over this case.  Thus, the case is REMANDED to the appropriate state court.

_____ : ___0___

Initials of
Preparer        lmb